IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDERICK MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | Jury Demand |
| **J & M TANK LINES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," and the Civil Rights Act of 1866, as amended. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, providing injunctive and other relief against race discrimination.

### II. PARTIES

2. Plaintiff, Frederick Moore, is a male citizen of the United States and is a resident of Birmingham, Alabama.

3. Defendant, J & M Tank Lines, Inc., is a Corporation doing business in the State of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e(b),(g) and (h).

### III. ADMINISTRATIVE PROCEDURES

4. Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at J & M Tank Lines, Inc.

6. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of racial harassment, and subjecting Plaintiff to a hostile work environment.

7. On February 16, 2010, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on December 17, 2010, and Plaintiff filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights.

9. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

10. Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) herein above as if fully set forth herein.

11. Plaintiff, Frederick Moore, began employment with the above-named employer in November 2008, as a truck driver.

12. Plaintiff avers that Caucasian employees are given more favorable routes, and that African-American employees are worked harder than the Caucasian employees and receive the same or less compensation.

13. Plaintiff also avers that Caucasian employees are given newer and better equipment, including new tractors for hauling. Also, newly hired Caucasian employees are given better equipment than more senior African-American drivers.

14. Plaintiff also has witnessed racial slurs being said in the workplace, specifically, Caucasian driver told a racial joke in the presence of his supervisor, Rick Beiger, and everyone laughed, including the Supervisor. Plaintiff avers that

management knew about the incident, but did nothing. Plaintiff was offended by the racial joke.

15. Plaintiff has witnessed African-American employees being disciplined for violations and Caucasian employees are not disciplined for the same violations. In addition, Plaintiff avers that African-Americans are disciplined more harshly than Caucasian for the same or similar violations.

16. In September 2009, Plaintiff was terminated by his Caucasian Supervisor, Rick Beiger for an issue regarding an incorrect load.

17. Plaintiff avers that Caucasian employees have done the same or worse, and were only suspended and not terminated. Plaintiff further avers that a Caucasian driver mixed a load of flour with wheat, costing the company money, and he was given a three (3) day lay off or suspension by Beiger.

18. Plaintiff also avers that two Caucasian drivers who worked for the same Supervisor loaded the wrong product in the wrong place and were given a five (5) day lay off. Also, a Caucasian driver committed a "hit and run" in a company vehicle, and was not fired for that violation.

19. Plaintiff had never been written up or suspended before his termination even though the company has a progressive discipline policy.

20. Plaintiff avers he was told he was fired for a violation of company policy, but has never been told which policy he allegedly violated. The company did not incur any cost as a result of the claimed error that is the basis for Defendant's pretextual reason for Plaintiff's termination.

21. In addition to being terminated, Defendant wrongfully blocked Plaintiff's unemployment compensation.

22. Plaintiff has been discriminated against and harassed because of his race, African American.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

## COUNT ONE

### STATEMENT OF PLAINTIFF'S RACIAL DISCRIMINATION CLAIMS

23. Plaintiff adopts and realleges the allegations of paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. Plaintiff avers based on the facts set forth herein he was discriminated against by Defendant because of his race, African American. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against African-Americans.

25. Plaintiff avers Defendant condoned and tolerated the discrimination. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and the "Civil Rights Act of 1866," as amended.

26. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

27. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

28. The Plaintiff has satisfied all administrative prerequisites to bring this claim.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and by the "Civil Rights Act of 1866," as amended;

  b. Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and the "Civil Rights Act of 1866," as amended;

  c. Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

  d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

    **PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

            _____
            CYNTHIA FORMAN WILKINSON
            State Bar I.D. No.ASB-9950-L68C
            Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
New South Federal Savings Bldg., Ste 811
215 N. Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

_____
LARRY R. MANN
Attorney for Plaintiff

**OF COUNSEL:**

Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: LarryMann@aol.com

**PLAINTIFF'S ADDRESS:**

Mr. Frederick Moore
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Ste 811, New South Federal Savings Bldg.
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

J &M Tank Lines, Inc.
c/o Jim Pickens, Registered Agent
1215A Bankhead Hwy West
Birmingham, AL 35204