# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK MOORE,** | ] |
| Plaintiff, | ] |
| v. | ]    CV-11-BE-01000-S |
| **J&M TANK LINES, INC.,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter is before the court on "Motion for Reconsideration of Defendant's Motion for Summary Judgment" (doc. 36) and Defendant's "Motion to Strike" (doc. 37). For the reasons stated in this Memorandum Opinion, these motions are due to be DENIED.

**Motion for Reconsideration**

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-8 (N.D.Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter,* 440 F. Supp. 2d at 1268 n. 9. Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the

1

availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center,* 294 F. Supp. 2d at 1355.

In the instant case, the Defendant does not argue that a change in controlling law intervened some time after the briefing in this case nor does the Defendant present new evidence to the court to support this motion. Rather, the Defendant simply raises the same arguments addressed previously. Therefore, the court must assume that the Defendant characterizes the court's ruling as one of clear error. The court disagrees.

The court will not discuss in detail the arguments that it has previously addressed and rejected, but it will re-emphasize certain points that it made or attempted to make in its opinion on summary judgment in hopes that it may provide some clarification.

As to the Defendant's argument that witness Berger's "assumption" should not be considered a fact, the court disagrees that a bald assumption formed the sole basis of a disputed fact. The Defendant provided Jim Pickens's testimony that he sent what he characterizes as a warning letter only to *Birmingham* flour drivers, because a representative of Milner Milling had complained about Defendant's flour drivers making mistakes when hooking up their trailers. Pickens was very clear that he did not send the letter to flour drivers at the *Barnesville* location, even though those drivers were also delivering Milner Milling flour at that location. This testimony about who received the letter is important because the Plaintiff presents comparators who were flour drivers at the Barnesville location.

Defendant appears to argue that the court committed clear error when it did not accept as an undisputed fact the testimony of Pickens about the letter's recipients being limited to Birmingham flour drivers. However, other evidence presented to the court creates at least an

inference that Pickens's testimony on this issue may be incorrect.  The letter itself says that it was sent to "FLOUR DRIVERS" but does not specify whether the recipients are only Birmingham flour drivers.  Evidence was presented to the court that the Barnesville location also had flour driver employees, that the same employee policies applied to both Barnesville and Birmingham locations,  and that Barnesville flour drivers also delivered flour for Milner Milling, the client whose complaints generated Pickens's letter.  This evidence creates an inference that Pickens's testimony may not be true, particularly given that the parties' briefs pointed the court to no other evidence corroborating Pickens's testimony –  such as testimony from Barnesville flour drivers that they never received the January 2009 letter or the affidavit of a J & M official stating that company records reflect January 2009 letters signed by *Birmingham* flour drivers but none signed by *Barnesville* flour drivers.  Further, the supervisor for the Birmingham flour drivers, Rick Berger, testified that he had "assumed" the letter went out to all flour drivers at both Barnesville and Birmingham terminals, but he also testified to other facts that would reasonably support his understanding that the letter went to all flour drivers at both locations: the wording of the letter itself, the fact that flour drivers worked at both locations, the uniformity of policies at both locations, and the fact that Milner Milling product was delivered at both locations.  (Doc. 24-10, at 69, 74-76).

     Although the Defendant objects to the court's treating Berger's "assumption" as a dispute of fact, the court clarifies that Pickens's testimony on this issue was countered by more than a bald "assumption."  Such an objection ignores the *evidence* of the letter, which speaks for itself, the *evidence* about the consistency of policies at both locations, and the *evidence* that flour drivers at both locations delivered flour for the complaining client.  That evidence creates a

reasonable inference that counters Pickens's testimony, which the jury could choose to accept or reject, and the court's finding that a genuine issue of material fact exists is not clear error. At the summary judgment stage, the court cannot make credibility determinations and must draw all reasonable inferences in favor of the nonmovant. *Brosseau v. Haugen,* 543 U.S. 194, 195, n. 2 (2004) (per curiam).

The Defendant discusses other matters that it raised and argued in its motion for summary judgment, and that the court rejected. The court merely reiterates that both Noah Stephens and the Plaintiff committed the violation described in the letter, which was hooking up to the wrong trailer and failing to verify the load prior to leaving the mill "[whether] the driver arrives at customer or not" (doc. 8-1). Doug Walker, the African American flour driver at Barnesville, hooked up to the correct trailer, and thus, did not commit the rule infraction described in the letter. The court finds no clear error on these matters. Therefore, the court finds that the Defendant has not met the standard justifying the extraordinary remedy of reconsideration, and the Defendant's motion for reconsideration is due to be DENIED.

**Motion to Strike**

The Defendant filed this motion to strike the testimony of Rick Berger, which the Plaintiff relied upon in its opposition to the motion for summary judgment, as well as reference to Plaintiff's alleged comparators who Defendant claims are not truly "similarly situated." The Defendant filed no motion to strike until after the court had entered a ruling on the motion for summary judgment, and then, because that ruling was adverse, the Defendant filed this motion to strike in tandem with its motion for reconsideration. The proper time for such a motion was prior to the ruling on the motion for summary judgment. In any event, the court notes that it is

capable of disregarding any evidence that does not meet evidentiary standards.  Therefore, the court finds that the motion to strike is also due to be DENIED.

     Dated this 20th day of September, 2012.

*/s/ Karon O. Bowdre*
_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE