# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK MOORE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **2:11-CV-01000-KOB** |
| ) | |
| **J&M TANK LINES, INC,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## MEMORANDUM OPINION

This court had previously entered an Order (doc. 98) granting the Plaintiff's motion for sanctions (doc. 76) and ordering his counsel to provide the court with documents reflecting the time "that counsel spent attempting to respond to the surprise documents that the Defendant produced after the discovery deadline, in preparing the Plaintiff's motions for sanctions, and in making other efforts to obtain Defendant's compliance with discovery requests and the Federal Rules of Civil Procedure." The court will not reiterate the ignominious discovery transgressions of Defendant; it has related them in a previous Memorandum Opinion regarding sanctions. *See* Doc. 97. Suffice it to say that Defendant produced many "surprise" documents after the end of the discovery period; some appeared for the first time after the denial of summary judgment, others appeared for the first time after the denial of summary judgment, and still others materialized during the trial itself. Having previously determined that the Defendant's misconduct warrants sanctions, the court's current task is to determine the appropriate amount of

sanctions.

In response to the court's Order requesting that counsel for the Plaintiff file time records documenting the time spent responding to surprise documents, the Plaintiff filed "Plaintiff's Notice of Filing Time Records Regarding Plaintiff's Motion for Sanctions."  (Doc. 99).  J&M subsequently requested leave of court to address that response (doc. 100), which the court granted (docket entry dated March 21, 2013).  J&M then responded to the Plaintiff's filing and objected to certain items that counsel for the Plaintiff requested as sanctions.  (Doc. 101 as supplemented in Doc. 102).  This matter is ripe for resolution.

The court notes that the item numbers referenced below represent the 41 billing items listed by counsel for the Plaintiff on Document 99-1, at pages 2-5.  Although counsel for the Plaintiff did not number those items, the counsel for the Defendant, when referring to them, numbered Cynthia Wilkinson's time entries chronologically, numbering them 1-32, and numbering Larry Mann's entries chronologically from 32-41.  *See* Doc. 102-1, listing the numbers next to the time entries.   The court adopts that numbering system for the purposes of this Order.

   *Items 1-9*

The Defendant objects to the inclusion of these items because they are dated 9/6/11 through 2/29/12 and because the court asked counsel for the Plaintiff to include time entries regarding documents produced *after* the discovery deadline.  The discovery deadline as amended was March 1, 2012 for all discovery *except* the deposition of Division Manager Brown and March 12, 2012 to complete Brown's deposition.  (Docs. 21 & 23).  The court SUSTAINS the Defendant's objections regarding the inclusion of items 1-9, and the time entries for attorney Wilkinson for

2

those items totaling 11.6 hours will not be included in the sanction total.

   *Items 10-23*

These items relate to the untimely production of documents after the discovery deadline and the preparation of motions to strike and for sanctions.  However, the Defendant asserts a law-of-the-case argument, asserting that these time entries should be excluded because, on October 12, 2012, the court denied the motion to strike and denied the part of the motion for sanctions requesting attorneys' fees (doc. 70).  As the Defendant's argument goes, because the court refused attorney fees as a sanction at that point and because the Plaintiff did not seek reconsideration of that Order before the deadline for reconsideration expired on November 9, 2012, any request for attorney fees relating to matters before the October 19 motion for sanctions would fall under the court's prior ruling denying attorneys' fees, and the court is bound by that prior ruling.  This argument ignores the fact that, *after* October 12, 2012, the Defendant committed *additional* transgressions that made the court revisit its ruling.   Surely the Defendant does not argue that the court cannot, in its discretion, revisit a decision not to impose sanctions upon a defendant for discovery violations when that defendant proceeds to commit subsequent discovery violations.  Put another way, the information about the Defendant's misconduct available to the court at the time of the October 12, 2012 ruling was a mere foreshadowing of the total misconduct that was subsequently revealed.  Once the full scope of the misconduct was revealed and available to the court – the complete picture of which was not available on October 12, 2012, the court determined that imposing sanctions was appropriate not only for the post-October 12, 2012 misconduct but also for similar misconduct occurring during the entire post-discovery deadline period.

In any case, the Defendant's dependance upon the law-of-the-case doctrine is misplaced. *If* the Defendant had *not* committed additional violations after October 12, 2012 and *if* the Plaintiff had asked the court to revisit the decision about discovery sanctions based on the *same* information the court had before it on October 12, 2012 and the court had changed its mind, then the Defendant could present a law-of-the-case argument with some hope of success. However, as the Eleventh Circuit Court of Appeals has acknowledged, an exception to the law-of-the-case doctrine exists where new material circumstances otherwise arise that were not present at the time of the initial order, such as bringing new evidence to the court's attention. *See Royal Ins. Co. v. Latin Am. Aviation Servs., Inc.*, 210 F.3d 1348, 1350 (11th Cir. 2000) (citing *Escobar-Urrego*, 110 F.3d 1556, 1561 (11th Cir. 1997) and listing exceptions to the law-of-the-case doctrine).

In the instant case, the circumstances and evidence before the court indeed changed after October 12, 2012, when the Defendant committed new discovery transgressions and those transgressions were brought to the court's attention immediately prior to and during trial of this matter, as discussed more fully in the March 4, 2013 Memorandum Opinion addressing sanctions (doc. 97). In light of the new transgressions, the court FINDS that law-of-the-case doctrine does not preclude the court's considering items 10-23, and further FINDS that those items otherwise fall within the categories of matters that the court asked counsel for the Plaintiff to prepare. Therefore, the court, in its discretion, OVERRULES the Defendant's objection to the inclusion of these items and FINDS that they are properly included.

<u>Items 24-41</u>

The Defendant does not challenge the inclusion of items 24-41, and the court FINDS they

are properly included.

*Reasonableness of Rates and Time Expended*

Having determined that items 10-41 fall within the matters that the court outlined as appropriate for including within sanctions, the court must next determine whether the time expended and rate charged is reasonable under the circumstances. The court notes that the Defendant raises no specific objection to the reasonableness of the time expended on individual entries nor does it specifically object to the rates charged.

As to the reasonableness of the rates charged, the court is very familiar with the quality of work of attorneys Wilkinson and Mann, and with their wealth of experience in trying cases and, specifically, in trying discrimination cases in federal court. The court is also familiar with the rates charged in this district for comparable work, as it frequently addresses requests for attorneys fees. For attorneys of the high caliber of Wilkinson and Mann, the court has approved hourly fees in the range of $225.00 to $300.00. The court FINDS that the rate of $300.00 per hour is reasonable for attorneys Wilkinson and Mann given the level of experience that they have and the caliber of services that they offer, and determines that the rate of $300.00 is commensurate with the rates charged in this district for comparable work by attorneys with comparable experience. Thus, the court further FINDS that the rate charged of $375.00 per hour should be reduced to $300.00 per hour. The court further FINDS that the time counsel spent in responding to the surprise documents was reasonable and appropriate.

The total amount of fees requested based on Cynthia Wilkinson's time is $34,987.50 based on 93.3 billable hours billed at $375.00 per hour. The court subtracts from this request the time disallowed of 11.6 hours and changes the hourly rate to $300.00, resulting in a total sanction

based on Ms. Wilkinson's efforts to respond to the surprise documents of $24,510.00, representing 81.7 billable hours at the rate of $300.00 per hour.

The total amount of fees requested based on Larry Mann's time is $7,425.00 based on 15.6 hours at $375.00 per hour for a total fee requested of $42,412.50. Because the court has reduced the hourly rate to $300.00 per hour but finds the hours billed to be reasonable, the court's sanction based on Mr. Mann's efforts to respond to the surprise documents is $4,680.00.

The court SETS the amount of sanction at **$29,190.00**, or the sum of $24,510.00 (81.7 hours at $300.00 per hour) plus $4,680.00 (15.6 hours at $300 per hour). Therefore, the court, in its discretion, ORDERS Defendant J&M to pay to the Plaintiff **$29,190.00** as a sanction for its misconduct, separate and apart from the amount awarded in favor of the Plaintiff Moore and against J&M by the jury as its verdict in the trial of this matter.

Simultaneously with this Memorandum Opinion, the court will enter a consistent Order.

Dated this 3rd day of July, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE